IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 4:24-mj-00008-MSH |
| | : |
| DEJA C. PRATT, | : |
| | : |
| Defendant. | : |
| _____ | |

**O R D E R**

On May 29, 2024, the Court held a hearing on Defendant's motions to suppress event data recorder crash data, any statements made to officers, and chemical blood test results (ECF Nos. 15, 16, 17; Clerk's Entry, May 29, 2024). For the reasons explained below, Defendant's motion to suppress crash data is granted, but Defendant's motions to suppress her statements and to suppress blood test results are denied.

**FINDINGS OF FACT**

Defendant Deja C. Pratt is charged with Driving Under the Influence ("DUI"), DUI Less Safe, Failure to Maintain Lane, Driving too Fast for Conditions, Driving While License is Suspended or Revoked, and Not Wearing a Seatbelt. Info., ECF No. 1. On December 14, 2023, Defendant was involved in a single vehicle rollover crash on a dry and sunny to partly cloudy day on Fort Moore, with no serious injuries to the three occupants. Hr'g 10:19:08-37, 10:23:44-48, 10:50:42-10:51:08, 10:52:21-30.[1]  Specialist ("SPC")

---

[1] All citations to the May 29, 2024, hearing refer to times logged contemporaneously by the Court's FTR Gold recording system on the date of the proceeding.

Steiner was the first officer to arrive on scene and saw the occupants just as they were climbing out of the vehicle. *Id.* at 10:50:43-10:51:20. SPC Steiner approached Defendant and asked her who was driving, and Defendant replied that she was the driver. *Id.* at 10:52:33-52. SPC Steiner then obtained Defendant's driver's license. *Id.* at 10:52:44-45. Corporal ("CPL") Austin Booker was dispatched to the accident, and upon arrival observed the vehicle laying on its roof off side of the road. *Id.* at 10:19:18-37. CPL Booker asked Defendant what caused the accident, and she replied that she had her vehicle on cruise control when it started to swerve when she went around the turn in the road. *Id.* at 10:20:00-08; 10:20:20-41. She stated that she attempted to regain control, but the steering wheel locked up, and the vehicle flipped and crashed into the wood line. Hr'g 10:20:26-41. Up until this point, Defendant had not been handcuffed, detained, or put in the back of a police vehicle, and had not been advised of her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.* at 10:21:01-13, 10:53:28-37, 10:57:47-10:58:01.

CPL Booker observed that Defendant was swaying and had slurred speech, so he asked Defendant to perform standard field sobriety tests. *Id.* at 10:21:17-10:22:00. Defendant performed the tests, which were limited to the Walk and Turn Test and the One Leg Stand Test. *Id.* at 10:22:02-10:23:44, 10:25:17-10:25:50. During the Walk and Turn Test, Defendant started before she was instructed to, swayed off the established walking line, was unable to complete heel to toe, and counted from six to nine instead of starting at one. *Id.* at 10:23:51-10:24:02, 10:24:47-10:25:14. During the One Leg Stand Test, Defendant used her arms to keep her balance, she was swaying, and she was unable to complete the test, ultimately placing her heel on the ground at the count of one-thousand-

seven. *Id.* at 10:25:57-10:26:49. After determining that Defendant was likely intoxicated based on the results of the field sobriety tests, CPL Booker initiated a portable breathalyzer test, which indicated the presence of alcohol. Hr'g 10:26:51-10:27:27. Following the conclusion of the tests, Defendant was formally arrested for Driving Under the Influence of Alcohol, *inter alia*, and taken to Martin Army Community Hospital. *Id.* at 10:27:27-38, 10:58:18-47. Defendant was advised of the Federal Implied Consent law (18 U.S.C. § 3118), she signed the consent form, and she provided a blood sample. *Id.* at 10:27:27-43, 10:45:13-20, 10:54:15-41, 11:09:26-11:10:28.

## DISCUSSION

Defendant seeks to have the chemical blood test results that were obtained pursuant to the federal implied consent law suppressed. Def.'s Mot. to Suppress Test Results, ECF No. 17. Defendant asserts that she was arrested without probable cause, and therefore the implied consent statute is inapplicable. *Id.* at 2. Defendant also seeks suppression of any statements she made, arguing that they were obtained in violation of *Miranda*. Def.'s Mot. to Suppress Statements, ECF No. 15. Lastly, Defendant seeks suppression of the event data recorder crash data obtained from her vehicle. Def.'s Mot to Suppress Data, ECF No. 16. The Government does not oppose Defendant's motion to suppress event data recorder crash data. Gov't's Resp. to Def.'s Mot. to Suppress Data, ECF No. 21.

**I.   Probable Cause**

"An officer has probable cause to arrest a person when he has sufficient knowledge, based on reasonably trustworthy information, for a prudent person to believe that the suspect has committed or is committing an offense." *United States v. Harrell*, 603 F. App'x

3

877, 879 (11th Cir. 2015) (per curiam).  "Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction."  *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (alteration in original) (internal quotation marks and citation omitted).  Furthermore, this test is an objective one, s*ee, e.g.*, *Whren v. United States*, 517 U.S. 806, 813 (1996) ("[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"), that "depends on the totality of the circumstances."  *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citations omitted).

Here, based on the totality of the circumstances, the law enforcement officers had probable cause to arrest Defendant for driving while under the influence of alcohol.  SPC Steiner was first to arrive on scene and was told by Defendant that she was the driver of the vehicle.  When CPL Booker arrived on scene, he asked Defendant what happened, and she stated that she lost control of the vehicle while it was in cruise control.  CPL Booker observed the vehicle resting on its roof off the road and Defendant's physical condition, noticing that she was swaying and had slurred speech.  CPL Booker then conducted standardized field sobriety tests and a portable breathalyzer test, all of which indicated the presence of alcohol and the possibility of intoxication.  Additionally, SPC Steiner observed Defendant was unbalanced after the tests had been administered.  *See, e.g.*, *United States v. Henderson*, No. 4:14-mj-162 -MSH, 2015 WL 3477005, at *1-2 (M.D. Ga. June 2, 2015) (finding the officer had probable cause when Defendant was "unsure of his balance[,]" his "speech was slurred[,]" and he "performed poorly" on field sobriety tests).

Based on the totality of the circumstances outlined above, a reasonably prudent person would objectively believe that Defendant had been driving while under the influence. Probable cause existed for the law enforcement officers to arrest Defendant and federal implied consent was appropriately applied. Therefore, Defendant's motion to suppress blood test results is denied.

## II.   Statements and *Miranda*

Defendant also contends that any statements she made were obtained in violation of *Miranda* and therefore should be suppressed. In *Miranda*, the Court held that warnings must be administered when the subject is 1) in custody and 2) subjected to interrogation. *Lukehart v. Sec'y, Fla. Dep't of Corr.*, 50 F.4th 32, 43 (11th Cir. 2022) (citing *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980)). The Court later expanded the meaning of "interrogation" to include any words or actions by police that the police should know are reasonably likely to elicit an incriminating response. *Innis*, 446 U.S. at 301. "Custodial interrogation" is questioning by law enforcement after a person has been taken into custody or otherwise deprived of freedom in a significant way. *Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004). Whether or not a person is in "custody" depends on the objective circumstances of the interrogation, assessing how a reasonable person being questioned would gauge her freedom of action. *Id* at 663. Under *Terry v. Ohio*, 392 U.S. 1 (1968), law enforcement officers may stop and briefly detain individuals for questioning upon having reasonable suspicion of criminal activity. *United States v. Williams*, 185 F. App'x 866, 868 (11th Cir. 2006) (per curiam) (first citing *Terry*, 392 U.S. 1; and then citing *United States v. Hastamorir*, 881 F.2d 1551, 1556 (11th Cir. 1989)).

5

Here, Defendant's statements made prior to arrest did not violate *Miranda* because they were made during a *Terry* stop. CPL Booker and SPC Steiner responded to the accident, and upon arrival, both officers inquired about the cause of the accident. Defendant then stated that while she was driving on cruise control, the vehicle began to swerve, and the steering wheel locked up. This caused her to lose control of the vehicle, which rolled over and came to rest near the road. At no point during these questions and statements was Defendant placed in handcuffs, detained, or placed in a police vehicle. These statements were made before the administration of the field sobriety and preliminary breath tests, and before Defendant's car was towed from the scene.

SPC Steiner and CPL Booker had a reasonable suspicion to believe that a crime had been committed, specifically DUI, based on the nature of the accident and Defendant's physical condition. Additionally, the officers' initial questions to Defendant were part of their immediate investigation into the crash. They were assessing the situation and ensuring public safety, which aligns with the scope of a *Terry* stop. For the reasons stated above, Defendant's statements were not obtained in violation of *Miranda*. Accordingly, Defendant's motion to suppress her statements is denied.

## CONCLUSION

In sum, probable cause existed to arrest Defendant for driving under the influence and the statements made by Defendant were not obtained in violation of *Miranda*. Because the Government does not oppose Defendant's motion to suppress event data recorder crash data, that motion to suppress (ECF No. 16) is **GRANTED**. For the reasons stated above,

Defendant's motion to suppress her statements (ECF No. 15) and motion to suppress blood test results (ECF No. 17) are **DENIED**.

    **SO ORDERED**, this 31st day of May, 2024.

                                                s/ Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE